IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley D.C. Akar James, Jr, | ) | C/A No. 9:23-cv-01610-JDA-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Wellpath Incorporation Medical Provider, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights. On April 16, 2024, the Court entered a Text Order noting that the docket indicated that Defendant Wellpath Incorporation Medical Provider ("Wellpath") had been served but had not made an appearance in the case and directing Plaintiff to advise the Court, on or before May 7, 2024, of his intention regarding any claims against Defendant Wellpath. ECF No. 35. Notwithstanding the specific instructions as set forth in the Court's Text Order, Plaintiff has failed to respond to the Text Order or otherwise communicate with the Court regarding his claims against Defendant Wellpath. Accordingly, it appears Plaintiff has abandoned his claims against Defendant Wellpath.

Federal courts have the inherent power to dismiss an action, either *sua sponte* or on a party's motion, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962) (explaining that the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see also* Fed. R. Civ. P. 41(b). In considering whether to dismiss a case with prejudice for failure to prosecute, a district court should consider the following four criteria: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d

919, 920 (4th Cir. 1982) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

Based on the foregoing procedural history, the undersigned finds that Plaintiff is personally responsible for proceeding in a dilatory fashion, as he is proceeding pro se, and no sanctions other than dismissal appear to exist, as Plaintiff has otherwise failed to respond to a Court order. *See Lopez*, 669 F.2d at 920. However, because Defendant Wellpath has not appeared in the case, such that there is little prejudice caused to Defendant, the undersigned finds that dismissal should be without prejudice.

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED, without prejudice,** for lack of prosecution. *See Link*, 370 U.S. at 629–32; *Davis*, 588 F.2d at 70; Fed. R. Civ. P. 41(b); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Rule 41(b) and explaining that the "Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders").

It is so **RECOMMENDED**.

**The parties are referred to the Notice Page attached hereto.**

January 7, 2025
Charleston, South Carolina

Molly H. Cherry
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).